## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **Criminal Action No. 2020-0005** |
| | ) | |
| **VONNE BAILEY,** | ) | |
| | ) | |
| Defendant. | ) | |
| ———————————————— | ) | |

**Attorneys:**
**Melissa P. Ortiz, Esq.,**
**Daniel H. Huston, Esq.,**
St. Croix, U.S.V.I.
    *For the United States*

**Juan F. Matos de Juan, Esq.,**
San Juan, PR
    *For Defendant*

## <u>MEMORANDUM OPINION</u>

**Lewis, District Judge**

THIS MATTER comes before the Court on the Government's "Motion in Limine to Allow Use of Prior Criminal Conviction Under Fed. R. Evid. 609(a)(1)(B)" ("Motion in Limine") (Dkt. No. 79) and Defendant Vonne Bailey's Opposition thereto (Dkt. No. 123). On May 3, 2022, the Court ruled from the bench that the Government's Motion in Limine was denied, while indicating that this Opinion would follow. Accordingly, the reasons for the Court's denial of the Motion in Limine are set forth herein.

# I.    BACKGROUND

Defendant was charged in a one-count Indictment filed by the Government on March 16, 2021. (Dkt. No. 58). Count I of the Indictment charged Defendant with Possession of Cocaine with Intent to Distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). *Id.* at 1. The trial in this matter began on May 3, 2022, and on May 9, 2022, the jury acquitted Defendant of the charge in the Indictment.

The Government filed its Motion in Limine on June 22, 2021. In its Motion in Limine, the Government requested that the Court "allow use of [D]efendant's prior criminal conviction under Fed. R. Evid. 609(a)(1)(B)." (Dkt. No. 79 at 1). Specifically, the Government argued that "[s]hould the [D]efendant take the stand, the government would seek to impeach the [D]efendant's general credibility with the fact of his prior conviction[] and the nature of the crime[]." *Id.* at 1-2. The Government attached this Court's Judgment in Criminal Action No. 1:14-cr-0054, wherein Defendant was convicted of Unlawful Mailing of a Firearm, Aiding and Abetting in violation of 18 U.S.C. §§ 1715 and 2. (Dkt. No. 79-1). Defendant opposed the Government's Motion in Limine. (Dkt. No. 123).

# II.    APPLICABLE LEGAL PRINCIPLES

Rule 609(a) of the Federal Rules of Evidence provides:

(a) In General. The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:
>    (1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
>>        (A) must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant; and
>>        (B) *must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant*; and
>    (2) for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of

2

the crime required proving—or the witness's admitting—a dishonest act or false statement.

(emphasis added). "Rule 609 is premised on 'the common sense proposition that one who has transgressed society's norms by committing a felony is less likely than most to be deterred from lying under oath.'" *Walden v. Georgia-Pacific Corp.*, 126 F.3d 506, 523 (3d Cir. 1997) (quoting *Cummings v. Malone*, 995 F.2d 817, 826 (8th Cir. 1993)).

Pursuant to Rule 609(a)(1)(B), "when the testifying witness is also the defendant in a criminal trial, the prior conviction is admitted only if the probative value of the evidence outweighs its prejudicial effect to that defendant." *United States v. Caldwell*, 760 F.3d 267, 286 (3d Cir. 2014) (internal quotation marks omitted); *see also United States v. Johnson*, 388 F.3d 96, 100-01 (3d Cir. 2004) ("In order for impeachment evidence of a prior crime to be admissible against an accused under [Rule 609(a)(1)]: (1) the crime must be punishable by death or imprisonment in excess of one year under the law under which the witness was convicted; and (2) the court must determine that the probative value of admitting the evidence outweighs its prejudicial effect."). This Rule "reflects a heightened balancing test and a reversal of the standard for admission under Rule 403." *Caldwell*, 760 F.3d at 286. The Third Circuit notes that "[c]ommentators have observed that structuring the balancing in this manner creates a 'predisposition toward exclusion' [and] '[a]n exception is made only where the prosecution shows that the evidence makes a tangible contribution to the evaluation of credibility and that the usual high risk of unfair prejudice is not present.'" *Id.* (quoting 28 Charles Alan Wright & Victor James Gold, *Federal Practice and Procedure* § 6132, at 216, 217 (2d ed. 2012)).

The Court should consider four factors when weighing the probative value against the prejudicial effect: "(1) the kind of crime involved; (2) when the conviction occurred; (3) the importance of the [defendant's] testimony to the case; [and] (4) the importance of the credibility

3

of the defendant." *Id.* (quoting *Gov't of Virgin Islands v. Bedford*, 671 F.2d 758, 761 n.4 (3d Cir. 1982)) (internal quotation marks omitted) (alterations in original).

"When offering a prior conviction to impeach a testifying defendant, the [G]overnment bears the burden of satisfying the heightened balancing test set out in Rule 609(a)(1)(B)." *Id.* at 289. "The defendant is then permitted to rebut the Government's presentation, explicating the potentiality for unfair prejudice from admission of the evidence." *Bedford*, 671 F.2d at 761.

## III.   DISCUSSION

First, the Court finds—and it is undisputed by the parties—that Rule 609(a)(1)(B) of the Federal Rules of Evidence is the applicable Rule in this matter.

Defendant's prior conviction is for Unlawful Mailing of a Firearm, Aiding and Abetting, in violation of 18 U.S.C. §§ 1715 and 2. (Dkt. No. 79-1). Pursuant to 18 U.S.C. § 1715, "[w]hoever knowingly deposits for mailing or delivery, or knowingly causes to be delivered by mail according to the direction thereon, or at any place to which it is directed to be delivered by the person to whom it is addressed, any pistol, revolver, or firearm declared nonmailable by this section, shall be fined under this title or imprisoned not more than two years, or both." Thus, this conviction falls under Rule 609(a)(1) pertaining to crimes "punishable by death or by imprisonment for more than one year."[1] Additionally, because the Government seeks to impeach Defendant—as opposed to another witness—with his prior conviction, Rule 609(a)(1)(B) applies.[2]

---

[1] The Government does not argue that the conviction is admissible under Rule 609(a)(2) as a crime that involved a dishonest act or false statement.

[2] Rule 609(b) limits the use of evidence of convictions where "more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later." However, since this conviction occurred in 2015, Rule 609(b) is inapplicable.

Having determined that Rule 609(a)(1)(B) applies to the admission of this conviction to impeach Defendant, the Court must consider four factors when weighing the probative value against the prejudicial effect: "(1) the kind of crime involved; (2) when the conviction occurred; (3) the importance of the [defendant's] testimony to the case; [and] (4) the importance of the credibility of the defendant." *Caldwell*, 760 F.3d at 286 (quoting *Bedford*, 671 F.2d at 761 n.4) (internal quotation marks omitted) (alterations in original).

As to the first factor, "courts consider *both* the impeachment value of the prior conviction as well as its similarity to the charged crime." *Caldwell*, 760 F.3d at 286 (emphasis added). "The impeachment value relates to how probative the prior conviction is to the witness's character for truthfulness." *Id.*

The Government argues that "the probative value of use of the criminal conviction should [D]efendant testify outweighs any prejudicial effect because the conviction for 18 USC Sec. 1715 and 2 and the instant matter are not similar in nature." (Dkt. No. 79 at 4). "[T]he balance tilts further toward exclusion as the offered impeachment evidence becomes more similar to the crime for which the defendant is being tried." *Caldwell*, 760 F.3d at 286; *see also United States v. Taylor*, No. 3-CR-15-214, 2018 U.S. Dist. LEXIS 190780, at *11 (M.D. Pa. Nov. 7, 2018) ("No doubt that the potential prejudicial impact of a defendant's prior felony convictions is lessened if they are dissimilar to his other pending charges.").[3] Counsel for Defendant acknowledged at oral argument

---

[3] Although the prejudice of admitting a prior conviction for impeachment purposes is reduced when the prior conviction is dissimilar to the pending charge, that does not mean that there is no prejudice to a defendant when introducing a prior conviction. The heightened balancing test used to admit a prior conviction against a defendant in a criminal case under Rule 609(a)(1)(B) recognizes an inherent risk of prejudice to defendants in admitting prior convictions. *See* Fed. R. Evid. 609 advisory committee's note to 1990 amendment ("Thus, the rule recognizes that, in virtually every case in which prior convictions are used to impeach the testifying defendant, the defendant faces a unique risk of prejudice—*i.e.*, the danger that convictions that would be excluded under Fed. R. Evid. 404 will be misused by a jury as propensity evidence despite their introduction

that Defendant's prior offense and the charged offense are not similar. Thus, this aspect of the first factor weighs toward inclusion of Defendant's prior conviction. *See Caldwell*, 760 F.3d at 286.

However, this conclusion does not end the analysis for the first factor. The Court must also evaluate the probative value of Defendant's prior conviction for unlawful mailing of a firearm. *See United States v. Blakeslee*, Criminal No. 1:07-CR-00483, 2010 U.S. Dist. LEXIS 33776, at *4 (M.D. Pa. Apr. 5, 2010) ("While Rule 609(a)(1) presumes that all felonies are somewhat probative of a witness' propensity to testify truthfully, 'different felonies, even those that do not constitute *crimen falsi*, bear on credibility to varying degrees.'" (quoting *United States v. Estrada*, 430 F.3d 606, 616-17 (2nd Cir. 2005)))[4]. "[C]rimes that by their nature imply some dishonesty, such as theft, have greater impeachment value and are significantly more likely to be admissible." *Caldwell*, 760 F.3d at 286 (citing 5 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence* § 609.06[3][b] (2d ed. 2011)); *see also id.* ("Crimes of violence generally have lower probative value in weighing credibility, but may still be admitted after balancing the other factors."); *Estrada*, 430 F.3d at 621 ("While not *crimen falsi* that are automatically admissible under Rule 609(a)(2), theft crimes, and other crimes involving stealth, nonetheless bear on a

---

solely for impeachment purposes."); *accord United States v. Smalls*, 752 F.3d 1227, 1240 (10th Cir. 2014); *see also United States v. Tse*, 375 F.3d 148, 163 (1st Cir. 2004) ("[T]he standard for the admission of prior convictions of the accused is stricter than the standard for the admission of prior convictions of a government witness. These distinctions also recognize that the potential prejudice to the defendant from the admission of prior convictions is simply not the same as the potential prejudice to a government witness. In particular, there is a heightened risk that a jury will use evidence of a prior conviction of the accused to draw an impermissible propensity inference . . ."); *United States v. Melvin*, 628 F. App'x 774, 778 n.7 (1st Cir. 2015) ("As a general matter, informing the jury of a past felony conviction creates a risk of prejudice, and that risk is heightened where the crime of conviction is similar to the crime with which the defendant is charged.).

[4] *Crimen falsi* refers to those crimes, as noted in Rule 609(a)(2), that involve dishonesty or false statements. *See United States v. Wong*, 703 F.2d 65, 67 (3d Cir. 1983) (per curiam).

witness's propensity to testify truthfully."); *United States v. Bernard*, Criminal Action No. 20-cr-208, 2021 U.S. Dist. LEXIS 135612, at *5 (E.D. Pa. July 21, 2021) ("'The degree to which drug convictions imply dishonesty varies' and 'depends on the circumstances' of the conviction." (quoting *United States v. Mullins*, Criminal Action No. 18-238, 2019 U.S. Dist. LEXIS 61318, at *6 (E.D. Pa. Apr. 5, 2019))).

At oral argument the Government argued that Defendant's prior conviction was probative of his truthfulness because it is a felony, and involves "*unlawful*" mailing of a firearm. Additionally, the Government argued that this was not a crime of violence which the Third Circuit has noted is less probative.

While the Court agrees that Rule 609(a) acknowledges that all felonies are somewhat probative of a Defendant's credibility, the Government still has the burden to demonstrate why Defendant's specific conviction is probative. *See Bernard*, 2021 U.S. Dist. LEXIS 135612, at *6 (finding the Government had not met its burden because "[n]othing about that conviction [for resisting arrest] calls into question Bernard's tendency to testify truthfully" and "although the Government conclusorily says Bernard's conviction is probative of his credibility, it provides no specific argument as to why"). The Government has not pointed to any reason why Defendant's prior conviction is particularly probative of his credibility. The Government's reliance on the fact that the statute of conviction involves the *unlawful* mailing of a firearm[5] and that it is a felony does little to advance its cause. Thus, this aspect of the first factor weighs in favor of exclusion because of the minimal probative value of Defendant's prior conviction. *See Mullins*, 2019 U.S. Dist. LEXIS 61318, at *7 ("Although I agree that the convictions at issue have some impeachment

---

[5] The unlawful nature of the conduct certainly does not distinguish this felony from any other felony.

value, the connection between possession with intent to distribute and a defendant's likelihood of testifying truthfully is still rather attenuated, rendering the probative weight minimal.").

On balance, in light of the minimal probative value and the risk of prejudice that still remains, this factor weighs in favor of exclusion.

As to the second factor—the age of Defendant's prior conviction—the Third Circuit has instructed:

> Convictions more than ten years old are presumptively excluded and must satisfy the special balancing requirements of Rule 609(b) to overcome this presumption. But even where the conviction is not subject to the ten-year restriction, the passage of a shorter period can still reduce [a prior conviction's] probative value. The age of a conviction may weigh particularly in favor of exclusion where other circumstances combine with the passage of time to suggest a changed character. For example, a prior conviction may have less probative value where the defendant-witness has maintained a spotless record since the earlier conviction or where the prior conviction was a mere youthful indiscretion. Conversely, the probative value of an older conviction may remain undiminished if the defendant was recently released from confinement or has multiple intervening convictions, both of which could suggest his character has not improved.

*Caldwell*, 760 F.3d at 287 (internal citations and quotation marks omitted) (alteration in original).

A criminal complaint was filed in the instant matter on March 9, 2020, an information was filed on March 17, 2020, and Defendant was indicted on March 16, 2021. (Dkt. Nos. 1, 12, 58). With regard to his prior conviction, Defendant entered his plea of guilty before the Magistrate Judge in April 2015 which was then accepted by the undersigned District Judge. Defendant was sentenced in September 2015 to twelve months and one day of imprisonment and one year of supervised release. (Dkt. No. 79-1 at 2, 4). Defendant was released from imprisonment in July 2016 and discharged from supervised release in July 2017.

The Government argues that this factor weighs in favor of admission of the conviction because "[o]nly four (4) years and five (5) months have passed since the conviction and the instant offense" and he was arrested for the current crime approximately two years and eight months after

his prior supervised release was completed. (Dkt. No. 79 at 5). Defendant argues that the time period between his initial release from custody and the present offense was approximately four years. (Dkt. No. 123 at 4-5).

The question thus arises as to how to count the age of Defendant's prior conviction. While Rule 609(a) does not provide any guidance on counting a conviction's age, Rule 609(b) provides that its limit on using convictions applies when "more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later." While the Government suggests that the Court should count the age of the conviction starting from the end of his supervised release, Rule 609 speaks to "*release from confinement*." *See United States v. Wise*, Criminal Action No. 20-102 (MAS), 2022 U.S. Dist. LEXIS 13099, at *4 (D.N.J. Jan. 25, 2022) ("'[R]elease from confinement' does not include the termination of a probationary period."); *United States v. Butch*, 48 F. Supp. 2d 453, 465 (D.N.J. 1999) (same); 4 *Weinstein's Federal Evidence* § 609.06[2] (2021) ("When the witness has been incarcerated as a result of the conviction, the time period begins with the witness's actual release from imprisonment. *Confinement* does not include any period of probation or parole."). Thus, using Rule 609(b) as a guide, the Court counts the age of Defendant's prior conviction from his release from imprisonment in 2016.

With regard to when the time period runs, a panel of the Third Circuit has recently stated that it is unclear under Rule 609(b) whether to count to the current *trial* where the Defendant will be testifying or to the date of the current *indictment*:

> The government now urges us to measure Rule 609(b)'s ten-year period from the date of the alleged offense or the date of the indictment. Such an early date has not typically provided the end point for Rule 609(b)'s ten-year period in this Court or other circuits. We have previously assumed that the relevant inquiry under Rule 609(b) is whether the date of conviction or release occurred more than ten years prior to trial. . . . We need not resolve the dispute about the correct date from which to measure Rule 609(b)'s ten-year period . . .

*United States v. Thomas*, 815 F. App'x 671, 677 (3d Cir. 2020) (internal citations and quotation marks omitted). Although not specifically analyzing this issue, prior Third Circuit jurisprudence has generally referred to the prior conviction relative to the time of the witness' testimony. *See, e.g.*, *Sharif v. Picone*, 740 F.3d 263, 273 (3d Cir. 2014) (describing second factor in the test as the "time elapsed between the conviction and the defendant's testimony at trial" and noting that "[w]hen a prior conviction is not 'remote in time' from the time of trial, it is more relevant to the case at hand than when it is an older conviction."); *United States v. Hans*, 738 F.2d 88, 93 (3d Cir. 1984) ("Normally such evidence is admissible only if either the conviction or the witness' release from prison occurred within 10 years of the trial." (citing Fed. R. Evid. 609(b))); *cf. Blakeslee*, 2010 U.S. Dist. LEXIS 33776, at *6 ("Blakeslee is charged with committing the new offenses within two years of his release from confinement on these prior crimes.").

In this matter, Defendant was released from imprisonment in July 2016. There is no evidence before the Court that any other convictions occurred within this time period that would otherwise weigh on his character. *See Caldwell*, 760 F.3d at 287. While the Court recognizes that this issue is not definitively resolved, the Court will be guided by Rule 609(b) and the Third Circuit's general references to the relevant period running to the time of trial. As Defendant is testifying in 2022, this would mean that he was released from confinement for his prior conviction approximately six years ago. Six years is roughly within the middle of the ten-year period of relevant convictions, making it somewhat probative, but the probative value is diminished. *See Caldwell*, 760 F.3d at 289 ("The Government also failed to show that the probative value of the evidence was not diminished by the passage of more than six-and-a-half years."); *Sharif*, 740 F.3d at 273 ("Mr. Sharif's three year old 2009 conviction was not so far remote in time as to be irrelevant."); *United States v. White*, 312 F. Supp. 3d 355, 360 (E.D.N.Y 2018) ("[C]onvictions

within the latter half of the ten-year period have diminishing probative value, even though they are

still within the ten-year period."); *Mullins*, 2019 U.S. Dist. LEXIS 61318, at *8 ("The convictions

in question all occurred in 2012, almost seven years ago. This diminishes rather than enhances

their probative value."); *United States v. Parker*, Criminal No. 1:19-CR-227, 2020 U.S. Dist.

LEXIS 202580, at *4-5 (M.D. Pa. Oct. 30, 2020) ("Four years, for example, is not 'remote in time,'

but at six years out, probative value begins to diminish." (internal citations omitted)). Thus,

although the second factor weighs in favor of the Government, the probative value is diminished

given that Defendant's prior conviction was six years from Defendant's testimony at trial in the

instant matter.

As to the third factor, the Court must examine the importance of Defendant's testimony to

his defense. As stated by the Third Circuit:

> The tactical need for the accused to testify on his or her own behalf may militate
> against use of impeaching convictions. If it is apparent to the trial court that the
> accused must testify to refute strong prosecution evidence, then the court should
> consider whether, by permitting conviction impeachment, the court in effect
> prevents the accused from testifying. . . . If, on the other hand, the defense can
> establish the subject matter of the defendant's testimony by other means, the
> defendant's testimony is less necessary, so a prior conviction is more likely to be
> admitted.

*Caldwell*, 760 F.3d at 287-88 (quoting Glenn Weissenberger & James J. Duane, *Weissenberger's*

*Federal Evidence* § 609.2 (4th ed. 2001) and 5 *Weinstein's Federal Evidence* § 609.05[3][e] (2d

ed. 2011)) (internal quotation marks omitted). As acknowledged at oral argument and in the

parties' written submissions, and as apparent from the positions of the parties, Defendant's

testimony in this case is paramount to his defense. (Dkt. Nos. 79 at 5-6; 123 at 9). Thus, the third

factor weighs in favor of exclusion of his prior conviction. *See United States v. Jessamy*, 464 F.

Supp. 3d 671, 676 (M.D. Pa. 2020) ("[T]he court finds that this factor weighs against admissibility,

since Jessamy's testimony will be important in refuting the government's strong documentary and

physical evidence, which includes video of the incident, photographs of the victim's injuries, the weapon involved, and testimony of witnesses."); *United States v. Graves*, Criminal Action No. 06-95-01, 2006 WL 1997378, at *2 (E.D. Pa. July 12, 2006) ("If a defendant's testimony is important to his defense, this factor weighs against admitting a prior conviction.").

Finally, with regard to the fourth factor, given that Defendant's testimony is critical to his case, his credibility is "a central issue" which "weighs in favor of admitting a prior conviction." *Caldwell*, 760 F.3d at 288 (quoting 5 *Weinstein's Federal Evidence* § 609.05[3][f] (2d ed. 2011)) (internal quotation marks omitted); *see also Jessamy*, 464 F. Supp. 3d at 677 ("Where a case is reduced to a swearing contest between witnesses, the probative value of conviction is increased." (quoting *Caldwell*, 760 F.3d at 288) (internal quotation marks omitted)).[6] Thus, the fourth factor weighs in favor of inclusion.

## IV.   CONCLUSION

After balancing all of the factors, the Court has determined that the second factor weighs minimally in favor of the Government and therefore slightly favors inclusion, the third factor weighs heavily in favor of exclusion, and the fourth factor weighs heavily in favor of inclusion. As to the first factor, while the Government has shown that the prejudicial nature of Defendant's prior conviction is reduced because it is dissimilar to the instant offense, the Court remains unconvinced by the Government's vague arguments that the probative value of Defendant's prior conviction is anything but minimal. On balance, therefore, the Court finds that the first factor weighs in favor of exclusion.

---

[6] The Third Circuit has noted the "tension" between the last two factors, but has instructed courts to continue to analyze them. *Caldwell*, 760 F.3d at 288 n.15.

Ultimately, the Court concludes that the four factors—taken together—weigh in favor of exclusion. Under Rule 609(a)(1)(B)'s "heightened balancing test," the Government has the burden to show that the balance tilts towards inclusion of the prior conviction. *See Caldwell*, 760 F.3d at 289. Here, the Government has not shown that the "evidence makes a tangible contribution to the evaluation of credibility and that the usual high risk of unfair prejudice is not present." *Id.* at 286. Thus, the Court will not permit the Government to introduce Defendant's prior conviction to impeach him if he testifies, and will deny the Government's Motion in Limine.

An appropriate Order accompanies this Memorandum Opinion.

Date: June 24, 2022                                   _____/s/_____
                                                     WILMA A. LEWIS
                                                     District Judge